UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE THOMAS J. AQUILINO, JR., JUDGE

------------------------------------------------------------------------x

ALPINESTARS, SPA                               :

                Plaintiff,          :        Court No. 11-00007

       v.                                          :

UNITED STATES,                              :

                Defendant.          :

------------------------------------------------------------------------x

## **COMPLAINT**

Plaintiff, through its undersigned attorneys, alleges the following as its complaint in this case:

1.    The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2.    Plaintiff is the importer of record of the subject merchandise and has standing to bring this action.

3.    The protests and summons in this action were timely filed.

4.    All liquidated duties, charges and exactions were paid prior to the commencement of this action.

5.    The imported merchandise consists of various styles of motorcycle wearing apparel and equipment classified in various subheadings of the Harmonized Tariff Schedules of the United States ("HTSUS").

6.    Plaintiff purchased the imported merchandise from three different vendors located outside of the United States based on the term of sale FOB port of export.

7. The imported merchandise was manufactured in China and Thailand by three different manufacturers.

8. The imported merchandise was exported from the country of origin and shipped directly to plaintiff's customer the United States.

9. The sale of the merchandise from the foreign sellers to plaintiff was a sale for export of the merchandise to the United States.

10. Plaintiff resold the imported merchandise to its customer in the United States based on the term of sale DEQ duty paid, which is a delivered duty paid price.

11. The imported merchandise was appraised by U.S. Customs & Border Protection (CBP) on the basis of transaction value, 19 U.S.C. § 1401a(b), at the delivered duty-paid prices.

12. The delivered duty paid prices referenced in paragraph 11 were the prices paid by customer to plaintiff in plaintiff's resale of the merchandise in the United States.

13. The merchandise is properly appraised on the basis of transaction value at the FOB invoice prices paid by plaintiff to the foreign sellers, plus statutory assists.

14. The merchandise in entry 804-2025797-6 is properly appraised at a total value of $25,408.

15. The merchandise in entry 804-2026278-6 is properly appraised at a total value of $7,439.

16. The merchandise in entry 804-2027050-8 is properly appraised at a total value of $13,701.

17. The merchandise in entry 804-2027276-9 is properly appraised at a total value of

$38,070.

18. The merchandise in entry 804-2027297-5 is properly appraised at a total value of $42,847.

19. The merchandise in entry 804-2027362-7 is properly appraised at a total value of $14,670.

**WHEREFORE**, plaintiff respectfully requests that CBP's appraisement upon liquidation of the subject merchandise be overruled, that the claimed appraisement of the subject merchandise at the values set forth in this complaint be sustained; and that the appropriate CBP official be directed to reliquidate the involved entries accordingly, and to refund the excess duties collected, with lawful interest, and that the Court grant such further relief, including attorney's fees and costs, as it deems proper.

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
Attorneys for Plaintiff
599 Lexington Ave., 36th Fl.
New York, New York 10022
Tel. (212) 557-4000

By: /s/ Erik Smithweiss
    Erik Smithweiss
    William F. Marshall